**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of New York _____
                                    (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case
number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**                    FRALEG GROUP INC.

2. **All other names debtor used**              NONE
   **in the last 8 years**

   Include any assumed names,
   trade names, and *doing business
   as* names

3. **Debtor's federal Employer**    8  2  -  1  0  8  5  1  7  9
   **Identification Number (EIN)**

4. **Debtor's address**

   **Principal place of business**

   931    Lincoln Place
   Number    Street

   Brooklyn        NY      11213
   City            State   ZIP Code

   Kings
   County

   **Mailing address, if different from principal place
   of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City            State   ZIP Code

   **Location of principal assets, if different from
   principal place of business**

   _____
   Number    Street

   _____

   _____
   City            State   ZIP Code

5. **Debtor's website (URL)**    _____

Debtor   **Fraleg  Group Inc**            Case number *(if known)*_____
Name

---

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    2    3    6    1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*

  - ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

---

Debtor  __Fraleg Group Inc_____          Case number *(if known)*_____
        Name

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

        District _____  When _____  Case number _____
                                      MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____  Relationship _____

        District _____  When _____
                                                       MM / DD / YYYY

        Case number, if known _____

**11.** **Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                          Number      Street

_____

_____       _____
City                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

**Statistical and administrative information**

Debtor    Fraleg Group Inc
_____
Name

Case number (if known)_____

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09 / 13 / 2021
                    MM / DD / YYYY

✗ _Andre Juman_                        Andre Juman
Signature of authorized representative of debtor     Printed name

Title  Vice President / Secretary

Debtor   __Fraleg Group Inc_____    Case number (if known)_____
         Name

18. **Signature of attorney**    ✗ _Francis E. Hemmings_____ Date  _09 / 13/ 1964_
                                  Signature of attorney for debtor        MM   / DD / YYYY

Francis E. Hemmings, Esq.
Printed name

Law Offices of Francis E. Hemmings PLLC
Firm name

228-18   Mentone Avenue
Number      Street

Laurelton                                    NY        11413
City                                         State      ZIP Code

718-808-3779                                 general@hemmingssnell.com
Contact phone                                Email address


3941762                                      NY
Bar number                                   State

Fill in this information to identify the case and this filing:

Debtor Name    Fraleg Group Inc.

United States Bankruptcy Court for the:    Eastern    District of    New York
                                                                                    (State)

Case number (*If known*):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☒ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/13/2021          ✗ _____
                MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                    Andre Juman
                                    Printed name

                                    Vice President/Secretary
                                    Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name    Fraleg Group Inc

United States Bankruptcy Court for the:    Eastern                    District of    New York
                                                                                        (State)

Case number (If known): _____

☐ Check if this is an
  amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | None | None | None | None | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor  **Fraleg Group Inc** _____  Case number (*if known*)_____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

DEBTOR(S): FRALEG GROUP INC _____    CASE NO.:_____

      Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑  **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐  **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  CASE NO.: _____    JUDGE: _____    DISTRICT/DIVISION: _____

    CASE PENDING: (YES/NO): _____    [*If closed*] Date of Closing: _____

    CURRENT STATUS OF RELATED CASE: _____
                            **(Discharged/awaiting discharge, confirmed, dismissed, etc.**

        MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):** REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:

    _____

2.  CASE NO.: _____    JUDGE: _____    DISTRICT/DIVISION: _____

    CASE PENDING: (YES/NO): _____    [*If closed*] Date of Closing: _____

    CURRENT STATUS OF RELATED CASE: _____
                            **(Discharged/awaiting discharge, confirmed, dismissed, etc.**

        MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

## [OVER]

**DISCLOSURE OF RELATED CASES** (cont'd)

3. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

   CASE PENDING: (YES/NO): _____ [*If closed*] Date of Closing: _____

   CURRENT STATUS OF RELATED CASE: _____
   (Discharged/awaiting discharge, confirmed, dismissed, etc.

   MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL
  PROPERTY):** REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN
  SCHEDULE "A/B" OF RELATED CASES: _____
  _____

**NOTE:** Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

I am admitted to practice in the Eastern District of New York (Y/N): __Y_____

**CERTIFICATION** (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case pending or pending at any time, except as indicated elsewhere on this form.

_____          _____
**Signature of Debtor's Attorney**                **Signature of Pro-se Debtor/Petitioner**

                                                  _____
                                                  **Mailing Address of Debtor/Petitioner**

                                                  _____
                                                  **City, State, Zip Code**

                                                  _____
                                                  **Email Address**

                                                  _____
                                                  **Area Code and Telephone Number**

Failure to fully and truthfully provide all information required by the E.D.N.Y LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

**NOTE:** Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

                                                    Chapter 11

IN RE: Fraleg Group Inc.                            Case No: _____

Debtor

_____X

### VERIFICATION OF CREDITOR MATRIX / LIST OF CREDITORS

The undersigned Debtor hereby verifies that the Creditor Matrix/List of Creditors herein
submitted herein is true and correct to the best of his or her knowledge.

Dated: September 13, 2021

                                   Fraleg Group Inc. (Debtor)


                                   _____
                                   By: Andre Juman
                                   Title: Vice President / Secretary

CREDITOR MATRIX

1.    COREVEST AMERICAN FINANCE LENDER LLC
      1920 MAIN STREET, STE. 850
      IRVINE , CA 92614


2.    ANDY ALEGE
      249 ST. MARKS PLACE
      BROOKLYN, NY 11216
      SHAREHOLDER / PRESIDENT


3.    ANDRE JUMAN
      1169 OCEAN AVENUE
      BROOKLYN, NY 11230
      SHAREHOLDER/SECRETARY

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Chapter 11

IN RE: Fraleg Group Inc.                    Case No: _____

Debtor

_____X

LIST OF CREDITORS

1.  COREVEST AMERICAN FINANCE LENDER LLC
    1920 MAIN STREET, SUITE 850
    IRVINE, CALIFORNIA 92614

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Chapter 11

IN RE:  Fraleg Group Inc.

Case No: _____

Debtor

_____X

CORPORATE DISCLOSURE STATEMENT
PURSUANT TO E.D.N.Y LBR 1073-3

I, ANDRE JUMAN, under penalty of perjury state as follows:

1.    I am the Vice President and Secretary of the Debtor in the above captioned matter.

2.    There are no corporate entities that own, directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: September 13, 2021

_____
Andre Juman
Vice President / Secretary
Fraleg Group Inc. (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Chapter 11

IN RE:  Fraleg Group Inc.

Case No: _____

Debtor

_____X

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL BANKRUPTCY RULES 1007 (a)(1)

I, ANDRE JUMAN, under penalty of perjury state as follows:

1.  I am the Vice President and Secretary of the Debtor in the above captioned matter.

2.  There are no corporate entities that own directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.  I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: September 13, 2021

_____
Andre Juman
Vice President / Secretary
Fraleg Group Inc. (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————————X

IN RE: Fraleg Group Inc.

Debtor
————————————————————X

Chapter 11

Case No: _____

## STATEMENT OF BALANCE SHEET, CASH FLOW STATEMENT,
## STATEMENT OF OPERATIONS AND TAX RETURNS

I, Ronald Fraser, under penalty of perjury state as follows:

1.    I am the Vice President and Secretary of the Debtor in the above captioned matter.

2.    That as of the filing of this petition, no Balance Sheet, Cash Flow Statement, Statement of Operations have been prepared for the Debtor.

3.    That as of the filing of this petition, no tax returns, federal or state, have been filed by the Debtor.

4.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: September 13, 2021

_____
Andre Juman
Vice President / Secretary
Fraleg Group Inc (Debtor)

**AMENDED AND  RESTATED**

**BYLAWS OF**

**FRALEG GROUP INC**
**(A New York Corporation)**

**Article I**

**OFFICES**

The principal office of the Corporation in the State of New York shall be located at 931 LINCOLN PLACE, BROOKLYN, NY 11213 in the County of Kings.  The Corporation may have such other offices, either within or without the State of New York, as the Board of Directors may designate or as the business of the Corporation may require from time to time.

The registered office of the Corporation, required by the New York Business Corporation Law to be maintained in the State of New York may be, but need not be, identical with the principal office in the State of New York, and the address of the registered office may be changed from time to time by the Board of Directors.

**Article II**

**STOCKHOLDERS**

**§ 2.1 Annual Meeting.**

The annual meeting of the Stockholders shall be held on the 10th day in the month of January in each year, beginning with the year 2017, at the hour of 5 o'clock P.M., or such other time on such other day within such month as shall be fixed by the Board of Directors, for the purpose of electing Directors and for the transaction of such other business as may come before the meeting.  If the day fixed for the annual meeting shall be a legal holiday in the State of New York, such meeting shall be held on the next succeeding business day.  If the election of Directors shall not be held on the day designated herein for any annual meeting of the Stockholders, or at any adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the Stockholders as soon thereafter as conveniently may be.

**§ 2.2 Special Meetings.**

Special meetings of the Stockholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the President or by the Board of Directors, and shall be called by the President at the request of the holders of not less than one-tenth of all outstanding shares of the Corporation entitled to vote at the meeting.

**§ 2.3 Place of Meeting.**

The Board of Directors may designate any place, either within or without the State of New York, as the place of meeting for any annual meeting or for any special meeting called by the Board of Directors.  A waiver of notice signed by all Stockholders entitled to vote at a meeting may designate any place, either within or without the State of New York, as the place for the holding of

such meeting. If no designation is made, or if a special meeting be otherwise called, the place of meeting shall be the principal office of the Corporation in the State of New York.

### § 2.4 Notice of Meeting.

Written notice stating the place, day and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall, unless otherwise prescribed by statute, be delivered not less than ten nor more than sixty days before the date of the meeting, either personally or by mail, by or at the direction of the President, or the Secretary, or the Officer or other persons calling the meeting, to each Stockholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the Stockholder at his/her address as it appears on the stock transfer books of the Corporation, with postage thereon prepaid.

### § 2.5 Closing of Transfer Books or Fixing of Record Date.

For the purpose of determining Stockholders entitled to notice of or to vote at any meeting of Stockholders or any adjournment thereof, or Stockholders entitled to receive payment of any dividend, or in order to make a determination of Stockholders for any other proper purpose, the Board of Directors of the Corporation may provide that the stock transfer books shall be closed for a stated period but not to exceed, in any case, seventy days. If the stock transfer books shall be closed for the purpose of determining Stockholders entitled to notice of or to vote at a meeting of Stockholders, such books shall be closed for at least ten days immediately preceding such meeting. In lieu of closing the stock transfer books, the Board of Directors may fix in advance a date as the record date for any such determination of Stockholders, such date in any case to be not more than seventy days and, in case of a meeting of Stockholders, not less than ten days prior to the date on which the particular action, requiring such determination of Stockholders, is to be taken. If the stock transfer books are not closed and no record date is fixed for the determination of Stockholders entitled to notice of or to vote at a meeting of Stockholders, or Stockholders entitled to receive payment of a dividend, the date on which notice of the meeting is mailed or the date on which the resolution of the Board of Directors declaring such dividend is adopted, as the case may be, shall be the record date for such determination of Stockholders. When a determination of Stockholders entitled to vote at any meeting of Stockholders has been made as provided in this section, such determination shall apply to any adjournment thereof.

### § 2.6 Voting Record.

The Officer or agent having charge of the stock transfer books for shares of the Corporation shall make a complete record of the Stockholders entitled to vote at each meeting of Stockholders or any adjournment thereof, arranged in alphabetical order, with the address of and the number of shares held by each. Such record shall be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any Stockholder during the whole time of the meeting for the purposes thereof.

### § 2.7 Quorum.

A majority of the outstanding shares of the Corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of Stockholders. If less than a majority of the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting from time to time without further notice. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted

at the meeting as originally noticed. The Stockholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough Stockholders to leave less than a quorum.

### § 2.8 Proxies.

At all meetings of Stockholders, a Stockholder may vote in person or by proxy executed in writing by the Stockholder or by his duly authorized attorney-in-fact. Such proxy shall be filed with the Secretary of the Corporation before or at the time of the meeting. No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy. [§ 33]

### § 2.9 Voting of Shares.

Subject to the provisions of Section 12 of this Article II, each outstanding share entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of Stockholders.

### § 2.10 Voting of Shares by Certain Holders.

Shares standing in the name of another Corporation may be voted by such officer, agent or proxy as the Bylaws of such Corporation may prescribe, or, in the absence of such provision, as the Board of Directors of such other Corporation may determine.

Shares held by an administrator, executor, guardian or conservator may be voted by him/her, either in person or by proxy, without a transfer of such shares into his/her name. Shares standing in the name of a trustee may be voted by him/her, either in person or by proxy, but no trustee shall be entitled to vote shares held by him/her without a transfer of such shares into his/her name.

Shares standing in the name of a receiver may be voted by such receiver, and shares held by or under the control of a receiver may be voted by such receiver without transfer into his/her name if authority to do so is contained in an appropriate order of the court by which such receiver was appointed.

A Stockholder whose shares are pledged shall be entitled to vote such shares until the shares have been transferred into the name of the pledgee, and thereafter the pledgee shall be entitled to vote the shares so transferred.

Neither treasury shares of its own stock held by the Corporation, nor shares held by another Corporation if a majority of the shares entitled to vote for the election of Directors of such other Corporation are held by the Corporation, shall be voted at any meeting or counted in determining the total number of outstanding shares at any given time for purposes of any meeting

### § 2.11 Informal Action by Shareholders.

Any action required or permitted to be taken at a meeting of the Stockholders may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of theStockholdersentitledtovotewithrespecttothesubjectmatterthereof.

-3-

## Article III

## BOARD OF DIRECTORS

### § 3.1 General Powers.

The business and affairs of the Corporation shall be managed by its Board of Directors.

### § 3.2 Number, Tenure and Qualifications.

The number of Directors of the Corporation shall be One (1).  The Director shall hold office until the next annual meeting of Stockholders and until his/her successor shall have been elected and qualified.  Directors need not be residents of the State of New York or Stockholders of the Corporation.

### § 3.3 Regular Meetings.

A regular meeting of the Board of Directors shall be held without other notice than this Bylaw immediately after, and at the same place as, the annual meeting of Stockholders.  The Board of Directors may provide, by resolution, the time and place, either within or without the State of New York, for the holding of additional regular meetings without other notice than such resolution.

### § 3.4 Special Meetings.

Special meetings of the Board of Directors may be called by or at the request of the President or any two Directors.  The person or persons authorized to call special meetings of the Board of Directors may fix any place, either within or without the State of New York, as the place for holding any special meeting of the Board of Directors called by them.

### § 3.5 Notice.

Notice of any special meeting shall be given at least two days previously thereto by written notice delivered personally or mailed to each Director at his business address, or by telegram.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, so addressed, with postage thereon prepaid.  If notice be given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company.  Any Director may waive notice of any meeting.  The attendance of a Director at a meeting shall constitute a waiver of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

### § 3.6 Quorum.

A majority of the number of Directors fixed by Section 2 of this Article III shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such majority is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

-4-

### § 3.7 Manner of Acting.

The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

### § 3.8 Action Without a Meeting.

Any action required or permitted to be taken by the Board of Directors at a meeting may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Directors.

### § 3.9 Vacancies.

Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of a majority of the remaining Directors though less than a quorum of the Board of Directors. A Director elected to fill a vacancy shall be elected for the unexpired term of his/her predecessor in office. Any directorship to be filled by reason of an increase in the number of Directors may be filled by election by the Board of Directors for a term of office continuing only until the next election of Directors by the Stockholders.

### § 3.10 Compensation.

By resolution of the Board of Directors, each Director may be paid his/her expenses, if any, of attendance at each meeting of the Board of Directors, and may be paid a stated salary as director or a fixed sum for attendance at each meeting of the Board of Directors or both. No such payment shall preclude any Director from serving the Corporation in any other capacity and receiving compensation therefor.

### § 3.11 Presumption of Assent.

A Director of the Corporation who is present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless his/her dissent shall be entered in the minutes of the meeting or unless he/she shall file his/her written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the Secretary of the Corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

**Article IV**

**OFFICERS**

### § 4.1 Number.

The Officers of the Corporation shall be a President, one or more Vice-Presidents (the number thereof to be determined by the Board of Directors), a Secretary, and a Treasurer, each of whom shall be elected by the Board of Directors. Such other Officers and assistant Officers as may be deemed necessary may be elected or appointed by the Board of Directors. Any two or more Offices may be held by the same person, except the Offices of President and Secretary.

### § 4.2 Election and Term of Office.

The Officers of the Corporation to be elected by the Board of Directors shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the Stockholders. If the election of Officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each Officer shall hold office until his/her successor shall have been duly elected and shall have been qualified or until his/her death or until he/she shall resign or shall have been removed in the manner hereinafter provided.

### § 4.3 Removal.

Any Officer or agent may be removed by the Board of Directors whenever in its judgment the best interests of the Corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an Officer or agent shall not of itself create contract rights.

### § 4.4 Vacancies.

A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

### § 4.5 President.

The President shall be the Principal Executive Officer of the Corporation and, subject to the control of the Board of Directors, shall in general supervise and control all of the business and affairs of the Corporation. He/She shall, when present, preside at all meetings of the Stockholders and of the Board of Directors. He/She may sign, with the Secretary or any other proper Officer of the Corporation thereunto authorized by the Board of Directors, certificates for shares of the Corporation and deeds, mortgages, bonds, contracts, or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these Bylaws to some other Officer or agent of the Corporation, or shall be required by law to be otherwise signed or executed;  and in general shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time

### § 4.6 The Vice-Presidents.

In the absence of the President or in the event of his/her death, inability or refusal to act, the Vice-President (or in the event there be more than one Vice-President, the Vice-Presidents in the order designated at the time of their election, or in the absence of any designation, then in the order of their election) shall perform the duties of the President, and when so acting, shall have all the powers of and be subject to all the restrictions upon the President. Any Vice-President may sign, with the Secretary or an Assistant Secretary, certificates for shares of the Corporation;  and shall perform such other duties as from time to time may be assigned to him/her by the President or by the Board of Directors.

### § 4.7 The Secretary.

The Secretary shall:  (a) keep the minutes of the proceedings of the Stockholders and of the Board of Directors in one or more books provided for that purpose;  (b) see that all notices are duly given in accordance with the provisions of these Bylaws or as required by law;  (c) be custodian of

the corporate records and of the seal of the Corporation and see that the seal of the Corporation is affixed to all documents the execution of which on behalf of the Corporation under its seal is duly authorized; (d) keep a register of the postoffice address of each Stockholder which shall be furnished to the Secretary by such Stockholder; (e) sign with the President, or a Vice-President, certificates for shares of the Corporation, the issuance of which shall have been authorized by resolution of the Board of Directors; (f) have general charge of the stock transfer books of the Corporation; and (g) in general perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to him/her by the President or by the Board of Directors.

### § 4.8 The Treasurer.

The Treasurer shall:  (a) have charge and custody of and be responsible for all funds and securities of the Corporation;  (b) receive and give receipts for moneys due and payable to the Corporation from any source whatsoever, and deposit all such moneys in the name of the Corporation in such banks, trust companies or other depositaries as shall be selected in accordance with the provisions of Article V of these Bylaws;  and (c) in general perform all the duties incident to the office of Treasurer and such other duties as from time to time may be assigned to him by the President or by the Board of Directors.  If required by the Board of Directors, the Treasurer shall give a bond for the faithful discharge of his/her duties in such sum and with such surety or sureties as the Board of Directors shall determine.

### § 4.9 Assistant Secretaries and Assistant Treasurers.

The Assistant Secretaries, when authorized by the Board of Directors, may sign with the President or a Vice-President certificates for shares of the Corporation the issuance of which shall have been authorized by a resolution of the Board of Directors.  The Assistant Treasurers shall respectively, if required by the Board of Directors, give bonds for the faithful discharge of their duties in such sums and with such sureties as the Board of Directors shall determine. The Assistant Secretaries and Assistant Treasurers, in general, shall perform such duties as shall be assigned to them by the Secretary or the Treasurer, respectively, or by the President or the Board of Directors. [§ 23]

### § 4.10 Salaries.

The salaries of the Officers shall be fixed from time to time by the Board of Directors and no Officer shall be prevented from receiving such salary by reason of the fact that he/she is also a Director of the Corporation.

## Article V

## CONTRACTS, LOANS, CHECKS AND DEPOSITS

### § 5.1 Contracts.

The Board of Directors may authorize any Officer or Officers, agent or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.

### § 5.2 Loans.

No loans shall be contracted on behalf of the Corporation and no evidences of indebtedness

shall be issued in its name unless authorized by a resolution of the Board of Directors. Such authority may be general or confined to specific instances.

### § 5.3 Checks, Drafts, etc.

All checks, drafts or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the Corporation shall be signed by such Officer or Officers, agent or agents of the Corporation and in such manner as shall from time to time be determined by resolution of the Board of Directors.

### § 5.4 Deposits.

All funds of the Corporation not otherwise employed shall be deposited from time to time to the credit of the Corporation in such banks, trust companies or other depositaries as the Board of Directors may select.

## Article VI

## CERTIFICATES FOR SHARES AND THEIR TRANSFER

### § 6.1 Certificates for Shares.

Certificates representing shares of the Corporation shall be in such form as shall be determined by the Board of Directors. Such certificates shall be signed by the President or a Vice-President and by the Secretary or an Assistant Secretary and sealed with the corporate seal or a facsimile thereof. The signatures of such Officers upon a certificate may be facsimiles if the certificate is manually signed on behalf of a transfer agent or a registrar, other than the Corporation itself or one of its employees. Each certificate for shares shall be consecutively numbered or otherwise identified. The name and address of the person to whom the shares represented thereby are issued, with the number of shares and date of issue, shall be entered on the stock transfer books of the Corporation. All certificates surrendered to the Corporation for transfer shall be cancelled and no new certificate shall be issued until the former certificate for a like number of shares shall have been surrendered and cancelled, except that in case of a lost, destroyed or mutilated certificate a new one may be issued therefor upon such terms and indemnity to the Corporation as the Board of Directors may prescribe.

### § 6.2 Transfer of Shares.

Transfer of shares of the Corporation shall be made only on the stock transfer books of the Corporation by the holder of record thereof or by his legal representative, who shall furnish proper evidence of authority to transfer, or by his/her attorney thereunto authorized by power of attorney duly executed and filed with the secretary of the Corporation, and on surrender for cancellation of the certificate for such shares. The person in whose name shares stand on the books of the Corporation shall be deemed by the Corporation to be the owner thereof for all purposes.

## Article VII

## FISCAL YEAR

The fiscal year of the Corporation shall begin on the first day of January and end on the thirty-first day of December in each year.

## Article VIII

## DIVIDENDS

The Board of Directors may, from time to time, declare and the Corporation may pay dividends on its outstanding shares in the manner and upon the terms and conditions provided by law and its Articles of Incorporation.

## Article IX

## CORPORATE SEAL

The Board of Directors shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the Corporation and the state of incorporation and the words "Corporate Seal"

## Article X WAIVER OF

## NOTICE

Whenever any notice is required to be given to any Stockholder or Director of the Corporation under the provisions of these Bylaws or under the provisions of the Articles of Incorporation or under the provisions of the New York Business Corporation Law, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## Article XI

## AMENDMENTS

These Bylaws may be altered, amended or repealed and new Bylaws may be adopted by the Board of Directors or by the Stockholders at any regular or special meeting.

## Article XII EXECUTIVE

## COMMITTEE

### § 12.1 Appointment.

The Board of Directors by resolution adopted by a majority of the full Board, may designate two or more of its members to constitute an executive committee.  The designation of such committee and the delegation thereto of authority shall not operate to relieve the Board of Directors, or any member thereof, of any responsibility imposed by law.  [§ 42]

### § 12.2 Authority.

The executive committee, when the Board of Directors is not in session shall have and may exercise all of the authority of the Board of Directors except to the extent, if any, that such authority shall be limited by the resolution appointing the executive committee and except also that the executive committee shall not have the authority of the Board of Directors in reference to amending

-9-

the Articles of Incorporation, adopting a plan of merger or consolidation, recommending to the Stockholders the sale, lease or other disposition of all or substantially all of the property and assets of the Corporation otherwise than in the usual and regular course of its business, recommending to the Stockholders a voluntary dissolution of the Corporation or a revocation thereof, or amending the Bylaws of the Corporation.

### § 12.3 Tenure and Qualifications.

Each member of the executive committee shall hold office until the next regular annual meeting of the Board of Directors following his designation and until his/her successor is designated as a member of the executive committee and is elected and qualified.

### § 12.4 Meetings.

Regular meetings of the executive committee may be held without notice at such times and places as the executive committee may fix from time to time by resolution. Special meetings of the executive committee may be called by any member thereof upon not less than a one day notice stating the place, date and hour of the meeting, which notice may be written or oral, and if mailed, shall be deemed to be delivered when deposited in the United States mail addressed to the member of the executive committee at his business address. Any member of the executive committee may waive notice of any meeting and no notice of any meeting need be given to any member thereof who attends in person. The notice of a meeting of the executive committee need not state the business proposed to be transacted at the meeting.

### § 12.5 Quorum.

A majority of the members of the executive committee shall constitute a quorum for the transaction of business at any meeting thereof, and action of the executive committee must be authorized by the affirmative vote of a majority of the members present at a meeting at which a quorum is present.

### § 12.6 Action Without a Meeting.

Any action required or permitted to be taken by the executive committee at a meeting may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the members of the executive committee.

### § 12.7 Vacancies.

Any vacancy in the executive committee may be filled by a resolution adopted by a majority of the full Board of Directors.

### § 12.8 Resignations and Removal.

Any member of the executive committee may be removed at any time with or without cause by resolution adopted by a majority of the full Board of Directors. Any member of the executive committee may resign from the executive committee at any time by giving written notice to the President or Secretary of the Corporation, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

-10-

**§ 12.9 Procedure.**

The executive committee shall elect a presiding officer from its members and may fix its own rules of procedure which shall not be inconsistent with these Bylaws. It shall keep regular minutes of its proceedings and report the same to the Board of Directors for its information at the meeting thereof held next after the proceedings shall have been taken.


## Article XIII


## EMERGENCY BYLAWS

The Emergency Bylaws provided in this Article XIII shall be operative during any emergency in the conduct of the business of the Corporation resulting from an attack on the United States or any nuclear or atomic disaster, notwithstanding any different provision in the preceding Articles of the Bylaws or in the Articles of Incorporation of the Corporation or in the New York Business Corporation Law. To the extent not inconsistent with the provisions of this Article, the Bylaws provided in the preceding Articles shall remain in effect during such emergency and upon its termination the Emergency Bylaws shall cease to be operative.

During any such emergency:

(a) A meeting of the Board of Directors may be called by any Officer or Director of the Corporation. Notice of the time and place of the meeting shall be given by the person calling the meeting to such Directors as it may be feasible to reach by any available means of communication. Such notice shall be given at such time in advance of the meeting as circumstances permit in the judgment of the person calling the meeting.

(b) At any such meeting of the Board of Directors, a quorum shall consist of the presence of three (3) members of the Board of Directors.

(c) The Board of Directors, either before or during any such emergency, may provide, and from time to time modify, lines of succession in the event that during such an emergency any or all Officers or agents of the Corporation shall for any reason be rendered incapable of discharging their duties.

(d) The Board of Directors, either before or during any such emergency, may, effective in the emergency, change the head office or designate several alternative head offices or regional offices, or authorize the Officers so to do.

No Officer, Director or employee acting in accordance with these Emergency Bylaws shall be liable except for willful misconduct.


These Emergency Bylaws shall be subject to repeal or change by further action of the Board of Directors or by action of the Stockholders, but no such repeal or change shall modify the provisions of the next preceding paragraph with regard to action taken prior to the time of such repeal or change. Any amendment of these Emergency Bylaws may make any further or different provision that may be practical and necessary for the circumstances of the emergency.

-11-

Adopted, amended and restated by resolution by the Corporation's Board of Directors on this 4th day of May 2017

ANDRE JUMAN / Secretary

-12-